UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 8:10-cr-483-T-23MAP
   8:12-cv-2047-T-23MAP

EDGAR AMADO COLON
_____/

**O R D E R**

Colon's motion to vacate under 28 U.S.C. § 2255 (Doc. 1) challenges the validity of his convictions for conspiracy to commit robbery, aiding and abetting to commit robbery, and aiding and abetting the brandishing of a firearm during a crime of violence. Because of his substantial assistance, Colon serves a reduced sentence of 141 months. The convictions and sentence comport with the terms of Colon's plea agreement. Although admitting that the motion to vacate is timely, (Response at 6, Doc. 5), the United States correctly argues that the motion to vacate lacks merit.

**FACTS**[1]

On October 18, 2010, at approximately 12:17 a.m., an armed robbery occurred at Charley's Steakhouse, Tampa, Florida. The robbery had been planned by Edgar Colon (who worked at Charley's as a dishwasher), Kyle Larson, Rogelio Torres and Osvaldo Martinez. Colon had told Torres that the plan was to rob the restaurant, but

---

[1] This summary of the facts derives from the plea agreement. (Doc. 44)

they needed a driver. Torres, who had previously worked at the restaurant, agreed to be the driver. Colon worked in the restaurant the night of the robbery and he updated the other three by using a cell phone. Colon left shortly before the robbery and advised the other three about the conditions inside the restaurant, including how many people remained in the restaurant and when the others should enter the restaurant. Torres drove Larson and Martinez to the robbery location to commit the robbery. Larson was armed with an SKS assault rifle and Martinez was armed with a hunting knife. Larson and Martinez entered the restaurant, which was closed for business for the evening; went to an office in the rear of the restaurant; and confronted two employee-victims who were in the office. Larson and Martinez brandished their respective weapons, demanded money, and repeatedly struck the victims in the head and face. After binding the victims with flex ties, Larsen and Martinez fled on foot to the vehicle where Torres was waiting for them.

A Tampa police officer responded to the scene as Larsen and Martinez fled the restaurant. The officer saw Larsen and Martinez get into the vehicle, in which Torres was waiting, and speed off. A full police pursuit began and Torres was ultimately stopped on the Howard Franklin Bridge by police cars that blocked him in. The defendant[2] and Martinez were arrested in the vehicle. Larson, who fled from the vehicle and jumped into Tampa Bay, was later pulled from the water and arrested. A

---

[2] Colon argues that the plea agreement incorrectly states that he was in the vehicle. The United States admits that the plea agreement is incorrect and argues that the inaccuracy is immaterial to proving that Colon is guilty of the robbery because he was part of the conspiracy.

Tampa police diver recovered a bag that Larson was observed carrying as he jumped in the water. The bag contained approximately $15,000, which was stolen from Charley's Steakhouse. Both the loaded SKS and the hunting knife were recovered from the car. The firearm used in the robbery was a Norinco SKS, semi-automatic assault rifle, which was manufactured in China. It was therefore transported in interstate and foreign commerce.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Colon claims ineffective assistance of counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) (*quoting Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)). As *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998), explains, *Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to *Strickland*, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052.

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." 466 U.S. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." 466 U.S. at 690.

Colon must demonstrate that counsel's alleged error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." 466 U.S. at 691–92. To meet this burden, Colon must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694.

*Strickland* cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." 466 U.S. at 690–91.  Colon cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful.

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial . . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220–21 (11th Cir. 1992).  *Accord Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious:  the trial lawyers, in every case, could have done something more or something different.  So, omissions are inevitable . . . .  [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'") (*en banc*) (*quoting Burger v. Kemp*, 483 U.S. 776, 794 (1987)).  *See also Jones v. Barnes*, 463 U.S. 745, 751 (1983) (counsel has no duty to raise a frivolous claim).

Although the *Strickland* standard controls a claim that counsel was ineffective for recommending that a client plead guilty, *Hill v. Lockhart*, 474 U.S. 52 (1985), *Agan v. Singletary*, 12 F.3d 1012 (11th Cir. 1994), the quantum of evidence needed to prove both deficient performance and prejudice is different.  "[C]ounsel owes a lesser duty to

a client who pleads guilty than to one who decides to go to trial, and in the former case counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial." *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984). To prove prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. at 59.

## **APPEAL-WAIVER PROVISION**

Colon's plea agreement contains the standard appeal-waiver provision used in this district (Doc. 44 at 10–11), which waiver precludes Colon from challenging his conviction and sentence except under irrelevant, limited circumstances:

> The defendant agrees that this Court has jurisdiction and
> authority to impose any sentence up to the statutory maximum
> and expressly waives the right to appeal defendant's sentence or
> to challenge it collaterally on any ground, including the ground
> that the Court erred in determining the applicable guidelines
> range pursuant to the United States Sentencing Guidelines . . . .

The United States argues that the claims asserted in the motion to vacate are precluded by the appeal-waiver in the plea agreement. A valid appeal-waiver precludes an ineffective assistance of counsel challenge to the sentence, but not an ineffective assistance claim that challenges the validity of the plea or the plea agreement. *Cowart v. United States*, 139 Fed. App'x 206, 207–08 (11th Cir. 2005) (holding that a claim that challenges the validity of the guilty plea or the appeal waiver, and not the sentence, is not precluded by a sentence-appeal waiver), *citing*

*United States v. Copeland*, 381 F.3d 1101, 1105 (11th Cir. 2004)).  Colon asserts two claims of ineffective assistance of counsel that challenge the validity of the plea.  As a consequence, the appeal-waiver in the plea agreement does not preclude the two grounds of ineffective assistance of counsel asserted in the motion to vacate.

In his reply (Doc. 8) Colon adds a claim that trial counsel rendered ineffective assistance by failing to appeal.  Contrary to the assertion in the reply, the motion to vacate asserts no claim that counsel failed to appeal.  Nevertheless, the additional claim is refuted by the record.  Defense counsel filed a notice of appeal, which appeal was voluntarily dismissed.  (Docs. 101 and 175)

**Ground One:**

Colon challenges the validity of his guilty plea because defense counsel rendered ineffective assistance by allegedly promising Colon that his sentence would not exceed seven years.  Colon vociferously alleges that defense counsel promised him no more than a seven-year sentence and that he would not have pleaded guilty if he had known that he would receive a sentence greater than seven years.

Defense counsel's affidavit (Exhibit 1, Doc. 5) attests that he informed Colon that a seven-year sentence was possible if Colon's cooperation warranted a recommendation by the United States for a reduced sentence,[3] but counsel cautioned

---

[3] Counsel represents that he believed that Colon possessed substantial information that could warrant the United States' moving to depart downward and that a departure could avoid the mandatory minimum sentence of seven years for the "brandishing" of a firearm, a sentence that is consecutive to a sentence imposed for the robbery counts.

- 7 -

Colon (1) that the judge is the one who determines the sentence based on information in a presentence report and (2) that the individual who prepares the report might interpret the facts differently from counsel's interpretation. At least three times Colon was advised that defense counsel's opinion about a possible sentence would not bind the district court.

First, defense counsel cautioned Colon that counsel's recommendation would not bind the district court. Second, the plea agreement specifically advises Colon that counsel's sentencing recommendation does not bind the district court and that Colon cannot withdraw his plea if he dislikes his sentence (Doc. 44 at 10):

> It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement.

Third, the magistrate judge ensured that Colon understood that the actual sentence was determined solely by the district court (Doc. 170 at 11 and 16):

> [T]he plea agreement that you have . . . calls for the prosecutor to make recommendations to the judge as to how the judge should sentence you, recommendations for downward adjustments because of acceptance of responsibility or your

- 8 -

> cooperation, namely a downward departure, or a sentence within your applicable guideline range adjusted by any departure the Government makes — departure or recommendation the Government makes. However, the judge does not have to accept any of these recommendations, doesn't have to follow them, can reject all of them or any one of them, and if the judge does this, you're not going to be able to back out of your plea.
>
> . . . .
>
> Your lawyer may have given you some opinion about what he thinks your sentence will be. You may have some expectation. However, if the sentence is more severe than what you thought it would be, you're not going to be able to back out of your plea agreement nor withdraw your plea.

Colon represented that he understood the magistrate judge's cautionary instruction. Additionally, the magistrate judge confirmed with Colon that no one had "promised you anything differently in order to get you to plead guilty" and confirmed with defense counsel that no "other promises or assurances [were] given to Mr. Colon other than those in the plea agreement." (Doc. 170 at 10 and 11)  Overcoming these representations is very difficult because "the representations of the defendant . . . [at the plea proceeding] as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.  Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

Even if defense counsel had promised a sentence of seven years, an inaccurate sentencing prediction alone will not usually sustain a claim for ineffective assistance of counsel under deficient performance.  "[A] defendant's reliance on an attorney's

mistaken impression about the length of his sentence is insufficient to render a plea involuntary as long as the court informed the defendant of his maximum possible sentence: 'To the extent that [a defendant] claimed his guilty plea was based on his attorney's estimate of the sentence and offense level, the claim did not warrant withdrawal of the guilty plea where [the defendant] acknowledged to the court that he understood the possible maximum sentence for his crime to be greater than the sentence the court ultimately imposed.'" *United States v. Himick*, 139 Fed. App'x 227, 228–29 (11th Cir. 2005)[4] (brackets original), quoting *United States v. Bradley*, 905 F.2d 359, 360 (11th Cir. 1990). Colon's plea agreement advises him that the maximum possible sentence was twenty years for counts one and two plus a mandatory, consecutive sentence of up to life for count three. (Doc. 44 at 2) The magistrate judge provided the same cautionary information when Colon pleaded guilty. (Doc. 170 at 12–13) As a consequence, before the guilty plea was accepted Colon was fully advised that defense counsel's prediction about a possible sentence would not bind the district court's determination of a just sentence and that Colon could not withdraw his plea if the sentence actually imposed was greater that he anticipated.

Colon also complains that he received an anticipated sentence reduction under neither § 5K1.1 nor Rule 35, Federal Rules of Criminal Procedure. Both the plea agreement (Doc. 44 at 5) and the magistrate judge (Doc. 170 at 7–8) informed Colon

---

[4] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

- 10 -

that whether his assistance was substantial enough to warrant a reduction of sentence was solely determined by the United States. The record refutes Colon's complaint because he received a two-level reduction under §5K1.1 based on his cooperation, which was the reduction recommended by the United States. (Doc. 93)

Lastly, Colon faced a sentencing range of 78–97 months as a criminal history category I and offense level 28. The district court lowered the offense level to 27 after determining that the victim's bodily injury warranted a three-level increase rather than a four-level increase. The offense level was reduced to 25 under §5K1.1 based on Colon's substantial assistance, which produced a sentencing range of 57–71 months. Notwithstanding the United States' request for a sentence at the high end, the district court imposed a sentence at the low end of 57 months plus a mandatory, minimum sentence of 84 months, for a total of 141 months. Immediately after pronouncing sentence, the district court opined that the offense was serious and warranted an equally serious sentence (Doc. 166 at 20–21):

> In the earlier proceeding today, I discussed this offense at some length, that it is — [defense counsel] described it as typical. In some respects it is, some scheme hatched under the influence of foreign substances and to gain money to probably buy more controlled substances and with the cooperation of an insider and hopes for surprise and some good fortune. This particular offense was a little bit more heavily armed than a typical one and a little bit more brutal. In fact, it was noticeably more brutal. And on the flight side, it was, of course, spectacularly dangerous and reckless, and looking back on it, it's amazing nobody was killed.
>
> Now, this defendant's role in that, of course, was one of insider and tipster and turncoat with respect to his colleagues, and

- 11 -

> while it may or may not be true that he exactly knew the mode
> that would be employed or the consequences, he at the very
> least proceeded without regard to what that was. It's a little
> hard for some of us to understand how that can happen, but we
> see it all the time. So the offense here is a serious one that
> warrants a serious sentence. This defendant has, frankly, a
> moderately troubling background, which is — which resembles
> the sort of background that often results in an escalation of
> offenses, and as the influence of controlled substances erodes
> the moral compass, increases the demand for money and
> enhances the tendency toward recklessness, all of which is just
> an old story often told right here in this courtroom.
>
> I won't prolong this except to say that this is precisely the sort
> of offense from which the community deserves protection and
> over against which the Congress of the United States and the
> Sentencing Commission designed for a general deterrence. So a
> serious sentence is warranted and I think a congruous sentence
> has been levied. So I'm satisfied that this sentence is within the
> realm of a reasonable sentence.

Colon's allegation in ground one — that trial counsel rendered ineffective assistance by promising a sentence of no more than seven years — lacks merit.

**Ground Two:**

Colon alleges that his trial counsel rendered ineffective assistance by permitting him to plead guilty based on facts that are materially untrue. First, Colon disputes the factual statement in the plea agreement that "[t]he defendant and Martinez were arrested in the vehicle." (Doc. 44 at 14) In response to the motion to vacate, the United States admits that the statement is incorrect (Doc. 5 at 17):

> Colon is correct that this statement is incorrect. Colon was not
> in the getaway car on the night of the robbery; he left the area
> after giving his coconspirators the signal that it was safe to begin
> the robbery. The incorrect statement in the plea agreement is an
> error that occurred when certain parts of the plea agreement
> were copied from other documents.

- 12 -

This factual inaccuracy affords Colon no relief because ample evidence, which Colon does not dispute, proves his integral involvement in planning and coordinating the robbery and in recruiting the getaway driver.

Second Colon challenges the lack of a factual basis for the conviction for brandishing a firearm because he had no actual knowledge that his co-conspirators intended to use firearms during the robbery. Colon is responsible for the acts of his co-conspirators, specifically, the use of firearms, as explained in *United States v. Bell*, 137 F.3d 1274, 1274–75 (11th Cir. 1998):

> In *Pinkerton v. United States*, 328 U.S. 640, 647–48, 66 S. Ct. 1180, 1184–85, 90 L. Ed. 1489 (1946), the Supreme Court held that criminal defendants are liable for the reasonably foreseeable actions of their co-conspirators. *Pinkerton* liability is well established in this Circuit, *see, e.g. United States v. Broadwell*, 870 F.2d 594, 603–04 (11th Cir. 1989), and although we have apparently never directly confronted the issue, the general rule among the circuits has been that the *Pinkerton* doctrine is applicable in section 924(c) cases.

*Accord United States v. Gray*, 544 Fed. App'x 870, 889 (11th Cir. 2013) ("A defendant may be liable under a *Pinkerton* theory for a co-conspirator's gun possession if the possession was reasonably foreseeable."), *cert. denied sub nom. Thompson v. United States*, 134 S. Ct. 1571 (2014). As a consequence, Colon's allegation in ground two — trial counsel rendered ineffective assistance by permitting his pleading guilty based on materially untrue facts — lacks merit.

Accordingly, the motion under Section 2255 to vacate the sentence (Doc. 1) is **DENIED**. The clerk must enter a judgment against Colon and close this case.

**DENIAL OF BOTH
CERTIFICATE OF APPEALABILITY
AND LEAVE TO APPEAL *IN FORMA PAUPERIS***

Colon is not entitled to a certificate of appealability ("COA"). A prisoner moving under Section 2255 has no absolute entitlement to appeal a district court's denial of his motion to vacate. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Colon must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Colon is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Colon must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on August 31, 2015.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE